IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CV-81-BO

| | |
|---|---|
| ROSE M. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Edenton, North Carolina on May 30, 2007, and the matter is now ripe for ruling. For the reasons discussed below, Defendant's Motion is GRANTED; Plaintiff's Motion is DENIED; and this matter is AFFIRMED.

## BACKGROUND

On May 3, 2004, Plaintiff applied for benefits alleging a disability onset of December 3, 2002 resulting from a back injury. Plaintiff's claims were denied both initially and on review. A hearing was held before an Administrative Law Judge ("ALJ"), who subsequently concluded that Plaintiff was not disabled under the law. After the Appeals Council denied review, the ALJ's decision became final and Plaintiff timely filed the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the

Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Plaintiff's lumbosacral disc disease was considered a severe impairment at step two, but did not meet or equal a listing at step three. At step four, the ALJ determined that the Plaintiff was capable of performing a significant range of light work, but was unable to perform her past relevant work. Finally at step five, the ALJ concluded that there were

a significant number of jobs in the national economy that Plaintiff could perform making the claimant ineligible for disability benefits.

I. <u>Severity of Impairments</u>

Plaintiff maintains that the ALJ erred by not considering Plaintiff's hypertension, depression and anxiety as severe at step three. Severity is defined as that which "significantly limits your physical or mental ability to do basic work activities" without consideration of age, education and work experience. 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of demonstrating that the impairments limit the ability to do basic work activities. *Id.* § 404.1520.[1]

Plaintiff's cites high blood pressure as evidence of hypertension, but indicates no evidence of how these readings affected her ability to work. Further, the evidence in the record reveals that the hypertension is well-controlled with medication. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff's hypertension was not severe at step three.

Alleging hypertension and depression, Plaintiff cites that Dr. Oudeh prescribed medication for the disorders. However, Plaintiff must still show that the impairment affected her ability to work. The record fails to corroborate Plaintiff's assertions of panic attacks and serve depression with doctor's visits or treatment. Substantial evidence supports the determination that Plaintiff's anxiety and depression are not severe under the regulations.

II. <u>Credibility Determination</u>

Plaintiff submits that the ALJ's credibility determination is unsupported by substantial evidence. The ALJ did not require objective medical evidence in evaluating Plaintiff's

---

[1] Because Plaintiff bears the burden of showing severity, Plaintiff's argument that ALJ should have obtained an consultative examination is without merit.

3

subjective complaints, but did note that Plaintiff's complaints were not bolstered by objective medical evidence. Contrary to Plaintiff's assertions, the record reflected conservative treatment and overall failed to support the extreme limitations alleged by the Plaintiff. Further, the ALJ did not violate the mandate of *Craig v. Chater*, because he followed the two step process and then found that the record did not support Plaintiff's claims. 76. F.3d 585 (4th Cir. 1986). The credibility assessment is supported by substantial evidence and appropriate as a matter of law.

III. <u>Residual Functional Capacity Determination</u>

Plaintiff argues that she cannot perform sedentary work, and the ALJ erred by ignoring Plaintiff's hypertension, depression and anxiety. As noted above, Plaintiff failed to carry the burden that these conditions were severe, and the ALJ correctly found that they had little impact on the residual functional capacity. Indeed, Dr. Brown twice recommended that Plaintiff return to her work as a nursing assistant or find other work. The ALJ's determination that Plaintiff could perform light work is supported by substantial evidence.

Accordingly, Defendant's Motion is GRANTED, Plaintiff's Motion is DENIED, and this matter is AFFIRMED.

SO ORDERED, this 5 day of August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4